IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TEENA ANN BAILEY, <br><br> Plaintiff, <br><br> vs. <br><br> PRECISION H2O, INC., <br><br> Defendant. | ORDER AND <br><br> MEMORANDUM DECISION <br><br><br> Case No. 2:08-CV-285 (TC) |

In this employment discrimination case, Defendant Precision H2O, Inc., seeks dismissal of the action filed by its former employee Plaintiff Teena Ann Bailey on the basis that the suit is time barred. The core question presented is whether, in light of Ms. Bailey's own neglect in exercising due diligence, the failure of the U.S. Equal Employment Opportunity Commission (EEOC) to send a copy of the notice of right to sue letter ("notice") to Ms. Bailey's counsel of record should trigger the doctrine of equitable tolling so as to excuse her otherwise untimely complaint. For the enumerated reasons, Precision H2O's Motion for Summary Judgment is GRANTED.

## BACKGROUND

The following material facts are uncontroverted and presented in the light most favorable to Ms. Bailey as the nonmoving party. See Mosier v. Callister, Nebeker & McCullough, 546 F.3d 1271, 1275 (10th Cir. 2008).

Ms. Bailey filed charges with the EEOC and the Utah Antidiscrimination and Labor Division (UALD), alleging that her former employer Precision H2O had discriminated against

her on the basis of her sex, age, and disability. (Pl.'s Mem. Opp'n Mot. Summ. J. or Mot. Dismiss 5-6.) On both the charge of discrimination form submitted to the EEOC and the intake form submitted to the UALD, Ms. Bailey indicated that she lived in an apartment on Gordon Lane in Salt Lake City, Utah. (Id. 3, 5.) Both forms, which are signed by Ms. Bailey, informed her to some extent of her responsibility to advise the EEOC and the UALD of any changes in her address. (Id. 4, 6-7.)[1]

The UALD sent a notice to Ms. Bailey at her address on Gordon Lane in September 2006, indicating that it would take no further action in her case and that it would submit the case to the EEOC. (Pl.'s Mem. Opp'n Mot. Summ. J. or Mot. Dismiss 7.) The EEOC also sent a letter to Ms. Bailey notifying her that she was "require[d to] notify us of any change in address." (Id., Ex. D.) In October 2006, David Holdsworth entered his appearance as counsel for Ms. Bailey before the UALD. (Def.'s Mem. Supp. Mot. Summ. J. or Mot. Dismiss, Ex. 7.) He generally requested that "copies of any and all future notices, letters, motions, etc. regarding the . . . case be delivered" to him. (Id.) Mr. Holdsworth subsequently participated in an unsuccessful mediation with Christopher Snow, counsel for Precision H2O, as part of the EEOC action. (Pl.'s Mem. Opp'n Mot. Summ. J. or Mot. Dismiss 7.)

On August 7, 2007, the EEOC mailed notice to Ms. Bailey at her last known address—the apartment on Gordon Lane. (Id. 8; Def.'s Mem. Supp. Mot. Summ. J. or Mot.

---

[1]The UALD's intake packet further informed Ms. Bailey that the "EEOC will send you a Notice of Right to Sue, which enables you to file a complaint in federal district court within 90 days from the date the Notice of Right to Sue is issued" and that the "UALD may close the case if the Charging Party cannot be located." (Def.'s Mem. Supp. Mot. Summ. J. or Mot. Dismiss, Ex. 2, 6.) The EEOC similarly notified Ms. Bailey of this ninety-day time frame for filing an action in federal court pursuant to Title VII or the ADEA. (Def.'s Mem. Supp. Mot. Summ. J. or Mot. Dismiss, Ex. 5.) During the hearing on these motions, counsel confirmed that Ms. Bailey received the letter.

Dismiss, Ex. 8.)  Because Ms. Bailey had moved from Gordon Lane and had failed to leave a forwarding address, the post office returned the letter as undeliverable.  (Pl.'s Mem. Opp'n Mot. Summ. J. or Mot. Dismiss 9.)  The EEOC did not send a copy of the notice to Mr. Holdsworth.  (Id. 8.)

Some five months later on January 4, 2008, Mr. Holdsworth called Mr. Snow to inquire about a possible settlement agreement.  (Id. 9.)  Mr. Snow said that Precision H2O was not interested in pursuing settlement negotiations because, reportedly among other reasons, the EEOC had already issued a notice and Ms. Bailey had failed to file a federal action within the required period.  (Id. 10.)  The following day, Mr. Holdsworth sent a letter to the EEOC in which he inquired about Ms. Bailey's case, but made no mention of his conversation with Mr. Snow.  (Id. 10-11.)  He sent a copy to Ms. Bailey at her new address, 3990 West 2100 South in West Valley, Utah.  (Id.)  This is the first time Ms. Bailey's updated address appears in EEOC records.  (Id.)

The EEOC responded to Mr. Holdsworth's letter on January 18, 2008, and explained that it had attempted to send notice to Ms. Bailey on August 7, 2007, but that the U.S. Post Office had returned the letter as undeliverable.  (Id. 11.)  Although the EEOC "had notification that [Mr. Holdsworth was] attorney of record for" Ms. Bailey, the agency admitted that "[d]ue to administrative error and oversight, a copy . . . was never mailed to [him].  We wish to correct this error. . . . Please accept our apologies for this oversight."  (Id. 11-12.)

Ms. Bailey filed this action on April 11, 2008, approximately 240 days after the EEOC first attempted to mail Ms. Bailey notice, alleging violations of the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964.  Specifically, Ms. Bailey alleges that she has suffered from discrimination on the basis of age and gender and

retaliation for engaging in protected activity. (Id. 22.)

## ANALYSIS

I. **EQUITABLE TOLLING DOES NOT APPLY.**

Summary judgment is appropriate only in those instances in which the record demonstrates "no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Kellogg v. Metro. Life Ins. Co., 549 F.3d 818, 825 (10th Cir. 2008). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must consider the evidence and any reasonable inferences in the light most favorable to the nonmoving party. Mosier, 546 F.3d at 1275.

Ms. Bailey and Precision H2O agree as to all material facts: Ms. Bailey did not receive the EEOC's notice because she failed to update her address, and the EEOC failed to otherwise alert Ms. Bailey by sending a copy of the notice to her attorney. Considering these facts in the manner most favorable to Ms. Bailey as the nonmoving party, the question before this court is whether the EEOC's failure is a sufficient lapse so as to excuse the untimeliness of Ms. Bailey's complaint.

A. **Regardless of the existence of counsel and absent extraordinary agency misconduct, equitable tolling does not apply considering Ms. Bailey's own failure to exercise due diligence.**

Before filing a Title VII action in federal court, a claimant must file a timely charge of discrimination with the EEOC. If the EEOC dismisses the charge, a claimant has ninety days from actual or constructive receipt of the notice to file a civil action. 42 U.S.C. § 2000(e)-5(f)(1). Actions filed pursuant to 29 U.S.C. § 626(e) of the Age Discrimination in Employment Act are subject to the same time limitation. Id. If a claimant fails to file within this provided

period, the action is barred subject to the doctrine of equitable tolling. Biester v. Midwest Health Servs., 77 F.3d 1264, 1267 (10th Cir. 1996).

Equitable tolling is a doctrine applied sparingly. Application is appropriate only in situations where "the claimant has actively pursued his judicial remedies . . . or . . . has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Courts "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Id. The U. S. Court of Appeals for the Tenth Circuit elaborated on the standard as used in this jurisdiction as follows:

> This Circuit has generally recognized equitable tolling . . . only if circumstances rise to the level of active deception which might invoke the powers of equity to toll the limitations period. Equitable tolling might be appropriate . . . where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts. Likewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period.

Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002) (internal citations and quotations omitted); see also Biester, 77 F.3d at 1267-68; Johnson v. U.S. Postal Serv., 861 F.2d 1475, 1481 (10th Cir. 1988).

Ms. Bailey argues that the facts of her case present such a situation. In Ms. Bailey's view, the EEOC's failure to send notice to her attorney is the sort of extraordinary agency misconduct that justifies equitable tolling.[2] Ms. Bailey essentially argues that even though she

---

[2]Although not an argument actually briefed, Ms. Bailey suggested in the hearing that the EEOC should have sent a copy of the notice, returned as undeliverable, to Jaynene Grover, who is listed on the EEOC intake questionnaire as the person the agency could contact if it were unable to reach Ms. Bailey. (See Def.'s Reply Mem. Ex. A, 4.) The court assumes the plaintiffs in the cited cases provided similar information on intake questionnaires, and yet other courts

failed to act with due diligence and update her address with the EEOC or even provide a forwarding address, her attorney tried to ensure that at least he would receive notice. (Id.) The court notes, however, that Ms. Bailey supports this claim using the notice of appearance that Mr. Holdsworth submitted to the UALD—not the EEOC. (Pl.'s Mem. Opp'n Mot. Summ. J. or Mot. Dismiss, Ex. C.)

Courts have universally held that the failure to update an address with the EEOC is fatal to a claim for equitable tolling. E.g., Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380 (9th Cir. 1996); St. Louis v. Alverno College, 744 F.2d 1314 (7th Cir. 1984); Panyanouvong v. Vienna Wolftrap Hotel, 525 F. Supp. 2d 793, 797 (E.D. Va. 2007); see also 45C Am. Jur. 2d Job Discrimination § 1926 ("While the general rule is that the 90-day period . . . begins to run upon the plaintiff's actual receipt of the notice, the actual notice rule does not apply when plaintiffs fail to receive notice through their own fault."). Courts have not faltered in this conclusion just because a flaw existed in the notice given to the plaintiffs' attorneys. Threadgill v. Moore U.S.A., Inc., 269 F.3d 848, 850-51 (7th Cir. 2001) ("The failure to send a copy to the attorney does not amount to trickery or inducement."); Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989) ("[The plaintiff] could easily have informed the EEOC of her new address. The fact that [the plaintiff] relied on the EEOC to send copies of correspondence to her attorney does not distinguish her case."); Panyanouvong, 525 F. Supp. 2d at 797 ("Where a plaintiff fails to notify the EEOC of an address change and that failure results in a lack of actual notice of the right to sue, equitable tolling does not apply," regardless of whether the attorney received notice.); Griffin v. Prince William Hosp. Corp., 716 F. Supp. 919, 921-22 (E.D. Va. 1989) ("Nor

---

have not found this information compelling. Moreover, such an argument does not address the considerations of whether the EEOC actively deceived Ms. Bailey or whether she exercised due diligence.

is it appropriate to focus, as plaintiff does, on the misdirected letter to plaintiff's counsel. Rather, the proper focus here is on the notice sent to plaintiff.").

The core consideration in these cases was whether the EEOC attempted to send notice to the plaintiffs and whether the plaintiffs acted with due diligence, not whether providing notice to counsel could have mitigated the effects of the plaintiffs' own neglect. As the U. S. Court of Appeals for the Sixth Circuit explained, this is because the decision to toll is:

> grounded in equity. A cardinal maxim of equity jurisprudence is that he who comes into equity must come with clean hands. [Regardless of whether the EEOC afforded notice to counsel, the plaintiff] did not do so in the instant case where he failed to notify the EEOC of his change of address as required by the regulations.

Banks v. Rockwell Int'l N. Am. Aircraft Operations, 855 F.2d 324, 327 (6th Cir. 1988).

The U.S. District Court for the District of Kansas considered whether equitable tolling should apply in a case that similarly involved a problem with the attorney's receipt of notice. In Carney v. City of Shawnee, 24 F. Supp. 2d 1185 (D. Kansas 1998), the plaintiffs' attorney had requested the EEOC send notices directly to him, the attorney never received copies. Id. at 1189. The EEOC sent the notices to only the plaintiffs, who failed to file a timely federal action.[3] The Carney rejected the plaintiffs argument that equitable tolling applied because their attorney had been "actively misled" in correspondence with an EEOC investigator. Id. at 1189. As the

---

[3] Ms. Bailey attempts to distinguish Carney by arguing that, unlike the plaintiffs in that case, she did not actually receive a copy of the notice. (Pl.'s Mem. Opp'n Mot. Summ. J. or Mot. Dismiss 17.) Considering the purpose behind equitable tolling, distinguishing the case in this manner is not helpful. Unlike Ms. Bailey, the Carney plaintiffs exercised some degree of due diligence, making them more sympathetic. Moreover, the language of Carney, which is instructive, considers the general duty of the plaintiff and does not distinguish between plaintiffs who received notice and those who did not. Finally, the court emphasizes Carney's excerpt of the clear command from the Tenth Circuit in Biester that the administrative failure to send notice to an attorney does not qualify for equitable tolling.

Carney court explained, the fact that the EEOC might have "'violated its own regulations by failing to send a copy of the right to sue letter . . . do[es] not constitute the 'extraordinary' circumstances necessary to justify equitable tolling under established Tenth Circuit precedent.'" Id. at 1189 (quoting Biester, 77 F.3d at 1269 n.2).  The complainant is responsible at all times for "'proceeding with the complaint regardless of whether or not (sic) he or she has designated a representative.'"  Id. (quoting 29 C.F.R. § 1614.605(e) (1998)).

       The U.S. District Court for the Eastern District of Virginia recently considered a case with facts strikingly analogous to those in Ms. Bailey's case.  The plaintiff in Panyanouvong notified the local county commission that she had retained counsel some four months after filing a discrimination case with the body.  525 F. Supp. 2d at 794-95.  As in this case, attempts to mediate the case were unsuccessful, and the local commission transferred the case to the EEOC, which issued a notice of right to sue letter.  Id.  The EEOC mailed this notice to plaintiff but not to the plaintiff's attorney.  As in this case, the plaintiff did not receive the notice because she had moved to a new address and had failed to provide the EEOC with her new information.  Id.  Consequently, the plaintiff failed to commence a timely federal action and asked the court to apply equitable tolling to excuse her otherwise untimely complaint.  The court was unsympathetic and explained that the EEOC's common sense requirement that parties update their addresses had been in effect for more than three decades.  In the court's view, the burden imposed by the duty was minimal.  "[B]ecause the burden falls on the plaintiffs to provide the EEOC with any change of address, equitable tolling will not apply even if the failure to provide the new address deprives a plaintiff of actual notice and the right to sue."  Id. at 798.  That the "[p]laintiff was represented by counsel . . . further bolster[ed] the notion that fault lies with [the p]laintiff."  Id.

Here, the EEOC attempted to send notice to Ms. Bailey at her last known address on Gordon Lane. Ms. Bailey never received notice due to her own fault; she moved from her apartment on Gordon Lane to an address in West Valley City and failed to notify the UALD or the EEOC. Ms. Bailey neglected to do so despite being repeatedly advised that updating her address was her responsibility and despite being informed on at least two occasions that once the notice issued, she had only a very brief period of time in which to file suit. The first time Ms. Bailey advised the EEOC of her change of address was in January 2008, after Mr. Holdsworth had already learned about the issued notice and well after the ninety-day period for filing a federal action had otherwise expired.[4] Although not necessarily his responsibility, Mr. Holdsworth did not notify the UALD or the EEOC of his client's change of address. Despite Mr. Holdsworth's contention that he requested he receive a copy of any correspondence, the request was submitted to the UALD, buried in Ms. Bailey's administrative file, and unaccompanied by any notification of his client's change of address. Notably, Mr. Holdsworth never actually filed a request with the EEOC itself.

Despite her general allegations, Ms. Bailey submits no evidence that the agency intentionally misled her or her attorney in order to prevent her from asserting her rights.

---

[4] As the U. S. Court of Appeals for the Seventh Circuit explained in Threadgill, although the "failure to understand the implications of the right-to-sue notice elicits sympathy, '[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'" 269 F.3d at 850-51 (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)). As referenced elsewhere in this order, the Seventh Circuit concluded that the failure to send a copy of notice to the attorney "[did] not amount to trickery or inducement." Id. at 850. Unlike in this case, the attorney in Threadgill had specifically requested the EEOC send a copy of the notice to him. The court is aware that, unlike Ms. Bailey, the plaintiff received a copy of the notice. However, the plaintiff similarly failed to act with due diligence. In this case, this fact is compelling. Cf. Nelmida, 112 F.3d at 384 (holding that ninety-day period "began running when delivery of the right-to-sue notice was attempted at the address of record with the EEOC").

Although the court concedes that the EEOC could have made more of an effort to contact Ms. Bailey, she presents no evidence of trickery, deception or extraordinary agency misconduct. Ms. Bailey cannot "rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). The facts in this case "do not constitute the 'extraordinary' circumstances necessary to justify equitable tolling under established Tenth Circuit precedent." Biester, 77 F.3d 1269 n.2.

The court is aware that at first glance Wagher v. Guy's Foods, Inc., 765 F. Supp. 667 (D. Kan. 1991), abrogated by 768 F. Supp. 321 (D. Kan. 1991) (altering disposition of case in light of additional evidence), might urge a different conclusion. Although not discussed by the parties, the court does so here for completeness. The district court in Wagher was willing to excuse the plaintiff's failure to provide the EEOC with an updated address because the attorney had informed the agency and, as a precautionary step, had specifically requested that the EEOC send all notices to him. The court explained as follows:

> When the complainant . . . takes the steps necessary to insure (sic) the right-to-sue letter is sent to her legal counsel, who she has charged with the responsibility of acting upon this letter, the complainant should be able to rely on her request as a means to insure the timely prosecution of her case. . . . This does not take away from the complainant's duty to report a change in address but only provides an alternative way for the complainant to protect her interest in the potential lawsuit. Indeed, the complainant should be able to set up a safeguard, as she did in this instance, against the possibility of her non-receipt of the letter for any number of reasons . . . .

Id. at 669. Accordingly, the court was willing to use the dates associated with notice received by the attorney in determining the expiration of the ninety-day period. Id.

Unlike the facts of Ms. Bailey's case, the plaintiff in Wagher exercised a degree of due diligence by, for example, providing the U.S. Post Office with a forwarding address. According

to the record before the court, Ms. Bailey did not take such steps.  The attorney in Wagher provided the involved state agency with notice of the plaintiff's change of address when he requested all correspondence be directed to him.  Here, Mr. Holdsworth did not notify the EEOC of Ms. Bailey's change of address until it was far too late, and his request to receive notices was not even submitted to the EEOC, but rather to the state agency.  Furthermore, Ms. Bailey did not take the steps necessary in order to ensure the EEOC would send notice to her counsel.  When counsel in Wagher inquired as to the status of the notice, the EEOC affirmatively misinformed the attorney that the ninety-day period would not run until the plaintiff actually received the letter, regardless of when it was sent.  Such agency misconduct did not occur in Ms. Bailey's case.  Moreover, despite the excerpted language from Wagher, the weight of authority suggests that courts should apply equitable tolling only in the most outstanding and exceptional circumstances.  Biester, 77 F.3d 1269 n.2; Ball v. Abbott Adver., Inc., 864 F.2d 419, 421 (6th Cir. 1988) (holding the EEOC's failure to copy an attorney on a right-to-sue letter did not prevent the statutory period from running); Banks, 855 F.2d at 326-27 (rejecting plaintiff's claim that "although he was wrong in failing to apprise the EEOC of his change of address, the EEOC's failure to send his counsel a copy of the notice of right to sue directly and timely contributed to the expiration of the ninety-day period").  Such outstanding circumstances are not present in Ms. Bailey's case.

     Ms. Bailey's failure to exercise due diligence and update her address is fatal to her claim for equitable tolling for her claims filed pursuant to Title VII and the ADEA.  Accordingly, Precision H2O is entitled to summary judgment.

>

>

**ORDER**

For the foregoing reasons, Precision H2O's motion for summary judgment (Docket No. 18.) is granted.

DATED this 2nd day of February 2009.

BY THE COURT:

*[signature: Tena Campbell]*

TENA CAMPBELL
Chief Judge